IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02554-BNB

GREGORY D. CLIFFORD,

Applicant,

v.

ARISTEDES ZAVARAS, CDOC Director,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 0 4 2008

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant Gregory D. Clifford is a prisoner in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Huerfano County Correctional Center in Walsenburg, Colorado. On November 17, 2008, Mr. Clifford submitted to the Court a *pro se* Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

The Court must construe the Application liberally because Mr. Clifford is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will construe the action as more properly filed pursuant to 28 U.S.C. § 2254 and dismiss the instant action without prejudice.

The Court has reviewed the claims Mr. Clifford asserts in the instant Application and finds that the claims properly are raised pursuant to 28 U.S.C. § 2254 because he

is challenging the validity, and not the execution, of his sentence. Mr. Clifford

previously sought relief pursuant to 28 U.S.C. § 2254 in this Court regarding the same

State of Colorado criminal conviction that he challenges in the instant action. *See*

*Clifford v. Watkins*, No. 04-cv-00168-ZLW (D. Colo. April 19, 2004); *appeal*

*dismissed*, No. 04-1199 (10th Cir. June 23, 2004). Applicant asserts the same claims

in the instant action that he asserted in his previous § 2254 action. The prior § 2254

action was dismissed as time-barred under 28 U.S.C. § 2244(d). Therefore, the instant

§ 2254 action is a second or successive motion.

Pursuant to 28 U.S.C. § 2244(b)(3), Mr. Clifford must obtain from the United

States Court of Appeals for the Tenth Circuit an order authorizing this Court to consider

a second or successive § 2254 action. In the absence of such authorization, this Court

lacks jurisdiction to consider the merits of the claims asserted in a second or successive

§ 2254 action. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). The Court must

either dismiss the § 2254 action for lack of jurisdiction or, if it is in the interest of justice,

transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1361. *In re Cline*, 531

F.3d at 1252. The factors to be

> considered in deciding whether a transfer is in the interest of
> justice include whether the claims would be time barred if
> filed anew in the proper forum, whether the claims alleged
> are likely to have merit, and whether the claims were filed in
> good faith or if, on the other hand, it was clear at the time of
> filing that the court lacked the requisite jurisdiction.

*Id*. at 1251.

The claims Mr. Clifford asserts in this action, like the claims he asserted in his

previous § 2254 action, are barred by the one-year limitation period. *See* 28 U.S.C.

§ 2244(d). Therefore, the Court does not find that a transfer of this action to the Tenth

Circuit is in the interest of justice. The Application will be denied for lack of jurisdiction.

Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28

U.S.C. § 2241 is construed as an Application for a Writ of Habeas Corpus Pursuant to

28 U.S.C. § 2254 and is DENIED for lack of jurisdiction.

DATED at Denver, Colorado, this _3_ day of _December_, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02554-BNB

Gregory D. Clifford
Prisoner No. 58257
Huerfano County Corr. Center
304 Ray Sandoval Street
Walsenburg, CO 81089

      I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 12|4|08

GREGORY C. LANGHAM, CLERK

By:_____
          Deputy Clerk